IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV38-1-V
5:05CR9-V


| | | |
|---|---|---|
| ANTHONY D. McCLELLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed March 29, 2007.

In his Motion to Vacate, Petitioner states clearly that his counsel failed to file a direct appeal even though Petitioner requested that he do so. An attorney's failure to file a notice of appeal, when requested by his client to do so, is per se ineffective assistance of counsel. Prejudice to the defendant is presumed irrespective of the merits of the appeal. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Peak, 992 F.2d 39 (4th Cir. 1993). Accordingly, on a showing that counsel was requested to appeal but failed to do so, the prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. Peak, 992 F.2d at 42.

Regardless of how Respondent responds to Petitioner's allegation, at a minimum a factual dispute will exist over whether or not Petitioner requested his counsel to file a direct appeal. Consequently, in accordance with this Court's practices, the Court will vacate the original

judgment and direct the Clerk to enter a new judgment from which an appeal can be taken.

**THEREFORE, IT IS HEREBY ORDERED that**:

1.  Petitioner's Motion to Vacate is **GRANTED in part** and **DENIED in part**;

2.  All of Petitioner's claims except for his ineffective assistance of counsel claim based upon his attorney's failure to file an appeal are **DISMISSED WITHOUT PREJUDICE**;

3.  Petitioner's criminal judgment is vacated due to his attorney's failure to file a direct appeal;

4.  The Clerk is directed to prepare a new criminal judgment with the same sentence and conditions; and

5.  The Clerk is directed to file a notice of appeal on Petitioner's behalf.

Signed: April 2, 2007

Richard L. Voorhees
United States District Judge