IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:05-CR-9-KDB-DCK-13

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DEWAYNE MCCLELLAND,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on the United States' motion to hold this matter in abeyance pending the Fourth Circuit's decision in *United States v. Gravatt*, No. 19-6852. (Doc. No. 1743). Defendant objects to the motion, noting that certain of his co-defendants who entered into plea agreements that limited their responsibility to crack cocaine or a lower quantity of other controlled substances have had their sentences reduced based on the drug type and quantities admitted to in their plea agreements. *See id.* at 3. After careful consideration of the parties' arguments, and for the reasons stated below, the Court finds that a stay is warranted and **GRANTS** the motion.

A federal grand jury charged Defendant in March of 2005 with conspiring to possess with intent to distribute at least 50 grams of crack cocaine, five kilograms of powder cocaine, and 1,000 kilograms of marijuana. (Doc. No. 60, at 3-4); (Doc. No. 1741, at 2). Each of these drug quantities would have triggered a statutory mandatory minimum of 10 years and a statutory maximum of life under 21 U.S.C. § 841(b)(1)(A). Defendant entered a straight-up plea of guilty, admitting that he committed the conspiracy offense.

1

On January 21, 2020, Defendant filed a motion to reduce his sentence pursuant to the First Step Act of 2018. (Doc. No. 1740). Less than a week later, the United States Probation Office filed a supplemental presentence report (PSR), concluding that Defendant is not eligible for a sentence reduction under the First Step Act because the indictment charged him with a drug-trafficking conspiracy involving not only 50 grams of crack cocaine, but also at least five kilograms of powder cocaine and 1,000 kilograms of marijuana. (Doc. No. 1741, at 2). The Court ordered the United States to file a response to Defendant's motion to reduce his sentence. Defendant filed a supplemental memorandum addressing the issues raised in the PSR and arguing that he is still eligible for First Step Act relief. (Doc. No. 1742). The United States has now filed this motion to hold the matter in abeyance. (Doc. No. 1743).

In *United States v. Gravatt*, the Fourth Circuit is considering "[w]hether the district court erred in determining Gravatt was not eligible for a sentence reduction under § 404 of the First Step Act because he pleaded guilty to conspiring to distribute five kilograms or more of powder cocaine and 50 grams or more of cocaine base and, therefore, the statutory penalty range for his violation was not modified by § 2 or § 3 of the Fair Sentencing Act of 2010." Case No. 19-6825, (Doc. No. 27, at 1). Oral arguments in *Gravatt* were held last month. The United States argues that Defendant's case "presents this same legal issue" and the Fourth Circuit's decision "is likely to resolve the legal issue presented in McClelland's motion." (Doc. No. 1743, at 2).

This Court has "broad discretion" to stay its proceedings pending the resolution of independent proceedings occurring elsewhere. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and

2

for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017).

Where the non-movant objects to a stay, this Court must "ascertain" whether a stay should issue by "balanc[ing]" the "benefit[s]" of a stay with any resultant "hardship." *Landis*, 299 U.S. at 259. For a stay to issue, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World*, 715 F.2d 124, 127 (4th Cir. 1983); *see also Clinton*, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need.").

A stay pending the result of the Fourth Circuit's decision in *United States v. Gravatt* is the most appropriate path for conserving the Court's resources and adjudicating this case in the most efficient manner possible. Most significant to the Court in making this determination is the substantial overlap between the legal issues present here and those that the Fourth Circuit may itself soon decide. *See Landis*, 299 U.S. at 256 (noting that judicial economy is served by placing a case in abeyance pending a decision even if the decision "may not settle every question of fact and law in [the case], but in all likelihood it will settle many and simplify them all."). Importantly, this stay is not indefinite, but instead will last only until the Fourth Circuit issues a decision, which the United States' expects to be in the coming months. *See* (Doc. No. 1743, at 2); *see also Landis*, 299 U.S. at 256 (explaining that sometimes litigants must "submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."). Further, any potential harm to Defendant from a stay will be minimal—and in fact, Defendant may benefit from a stay. Without guidance from the Fourth Circuit, this Court might hold that Defendant is not eligible for relief under the First Step Act. If the Fourth Circuit makes clear that Defendant is eligible for relief, then this Court would consider his motion and the

3

favorable evidence which could increase his likelihood of success on his motion to reduce his sentence. Balancing these interests, the Court concludes that a stay is warranted here.

**IT IS, THEREFORE, ORDERED** that the United States' Motion to Hold in Abeyance, (Doc. No. 1743), is **GRANTED.** Defendant's Motion for a Reduced Sentence Pursuant to the First Step Act of 2018, (Doc. No. 1740), is thus held in **ABEYANCE** pending the Fourth Circuit's decision in *United States v. Gravatt*, No. 19-6852.

**IT IS FURTHER ORDERED** that counsel inform the Court within fourteen (14) days of the Fourth Circuit's decision in *United States v. Gravatt*.

**SO ORDERED.**

Signed: February 24, 2020

Kenneth D. Bell
United States District Judge